**FILED**

**Aug. 9, 2016**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33831-2-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| MELISSA LYNN KERNS, | ) ) | |
| Appellant. | ) ) ) | |

Pennell, J. — Following Melissa Kerns's convictions for attempting to elude a police vehicle and hit and run (injury accident), the sentencing court imposed legal financial obligations (LFOs) that included a mandatory $100 deoxyribonucleic acid (DNA) collection fee under RCW 43.43.7541. We affirm.

## FACTS

A jury found Ms. Kerns guilty as charged of attempting to elude a police vehicle and hit and run (injury accident). Her criminal history included 10 prior felony convictions. The court rejected her request for a prison-based Drug Offender Sentencing

Alternative (DOSA) sentence upon determining she was not a suitable candidate. The court imposed concurrent sentences of 29 and 60 months respectively for the crimes. The court also imposed only mandatory LFOs, including a $500 victim assessment, a $200 criminal filing fee, and a $100 DNA collection fee. Ms. Kerns did not object to imposition of any of the LFOs and did not raise any constitutional claims regarding the DNA collection fee.

## ANALYSIS

Ms. Kerns contends the $100 DNA collection fee mandated by RCW 43.43.7541 violates substantive due process and equal protection. Identical arguments have been rejected by this court previously. *State v. Lewis*, No. 72637-4-I, 2016 WL 3570550 (Wash. Ct. App. June 27, 2016); *State v. Johnson*, No. 32834-1-III, 2016 WL 3124893 (Wash. Ct. App. June 2, 2016); *State v. Mathers*, 193 Wn. App. 913, ___ P.3d ___ (2016). We reject them here as well.

## STATEMENT OF ADDITIONAL GROUNDS

In her statement of additional grounds for review, Ms. Kerns makes two claims that she was denied ineffective assistance of counsel: (1) counsel refused to call witnesses and failed to present 911 records, hospital records or possible photos of recent abuse/death threats—all of which she contends would have corroborated her duress defense, and (2) counsel failed to use any past drug evaluations or request a new drug/mental health evaluation to support her request for a DOSA sentence.

2

No. 33831-2-III
*State v. Kerns*

To prevail on a claim of ineffective assistance of counsel, Ms. Kerns must establish both deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland,* 127 Wn.2d 322, 334–35, 899 P.2d 1251 (1995). But her complaints relate to materials outside the trial court record. Ms. Kerns's avenue for bringing claims based on evidence outside the record is through a personal restraint petition, not an appeal. *McFarland,* 127 Wn.2d at 335.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Korsmo, J.

3